IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NGOMANI DEKATTU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:22-cv-00350 |
| ) | |
| GARY MCFADDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the court is Petitioner Ngomani Dekattu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and his pro se application to proceed in forma pauperis (Doc. 2). In the petition, Dekattu seeks "immediate release, and supervision to be extinguish [sic] and terminated." (Doc. 1 at 8.) At the time of the filing of this action, Dekattu was a pretrial detainee at the Mecklenburg County Jail, where he had been awaiting a supervised release revocation hearing in his criminal case, Case Number 3:22-cr-73-TDS-DCK-1.[1] That matter

---

[1] Dekattu's criminal case, 3:22-cr-00073-TDS-DCK-1, was opened on March 16, 2022, when jurisdiction over Dekattu's supervised release was transferred from the United States District Court for the Eastern District of New York to this court. (Doc. 1 in case no. 3:22-cr-73-TDS-DCK-1.) Dekattu was appointed counsel, and a United States Magistrate Judge entered an Order of Detention on April 14, 2022. (Doc. 8 in case no. 3:22-cr-73-TDS-DCK-1.) The criminal case was originally assigned to the Honorable Frank D. Whitney but was reassigned to the undersigned by designation of the Chief Judge of the Fourth Circuit Court of Appeals on September 19, 2022. (Doc. 30 in case no. 3:22-cr-73-TDS-DCK-1.)

was heard on November 3, 2022, and Dekattu's supervised release was revoked. (Doc. 35 in case no. 3:22-cr-00073-TDS-DCK-1.) Dekattu was sentenced to time-served and a two-year term of continued supervision. (Id.) Accordingly, Dekattu is no longer being held at the Mecklenburg County Jail, and his request for "immediate release" is now moot.

Because Dekattu is presently serving a new term of supervised release, he remains "in custody" and thus eligible to seek federal habeas relief challenging the validity of his revocation and sentence. See United States v. Cervini, 379 F.3d 987, 989, n.1 (10th Cir. 2004); see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California, 411 U.S. 345, 348 (1973) ("a person released on parole is 'in custody' for purposes of the district courts' habeas corpus jurisdiction"). To do so, however, Dekattu must file a motion to vacate pursuant to 28 U.S.C. § 2255, unless and until he can show that § 2255 "is inadequate or ineffective." 28 U.S.C.A. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 806-08 (4th Cir. 2010) ("It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255" unless "§ 2255 proves inadequate or ineffective."); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997) (en banc); Farrow v. Revell, 541 F. App'x 327, 328 (4th

2

Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.")

Accordingly, IT IS THEREFORE ORDERED that Dekattu's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITHOUT PREJUDICE to his ability to file a motion under 28 U.S.C. § 2255, should he choose to do so.[2]

                              /s/    Thomas D. Schroeder[3]
                              United States District Judge

November 17, 2022

---

[2] In so far as Dekattu has appealed the court's November 3, 2022 judgment on the petition to revoke his supervision, he must exhaust that appeal before proceeding on a motion pursuant to § 2255. See United States v. Naqvi, 911 F.2d 725 (4th Cir. 1990) (unpublished table decision) ("It is well-settled that a motion under section 2255 is not proper while an appeal from the conviction [or sentence] is pending since disposition of the appeal may make the motion unnecessary") (cleaned up); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979).

[3] Chief United States District Judge, Middle District of North Carolina, assigned to this case by designation of the Chief Judge of the United States Court of Appeals for the Fourth Circuit. (Doc. 3.)

3